| | |
|---|---|
| Nkasa Mesa Yelengi,<br><br>    Petitioner,<br><br>v.<br><br>Loretta Lynch, Attorney General,<br><br>Jeh Johnson, Secretary of the Department of Homeland Security, and<br><br>Sarah Saldana, U.S. ICE Field Office for the St. Paul Field Office and Warden of Immigration Detention Facility,<br><br>    Respondents. | Case No. 16-cv-2397 (SRN/TNL)<br><br><br><br>**REPORT &<br>RECOMMENDATION** |

Nkasa Mesa Yelengi, 4030 Pitt Street, Duluth, MN 55804 (pro se Petitioner); and

Ana H. Voss and D. Gerald Wilhelm, Assistant United States Attorneys, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for Respondents).

## I. INTRODUCTION

This matter comes before the Court on Petitioner Nkasa Mesa Yelengi's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"). (Pet., ECF No. 1.) Petitioner is proceeding pro se. Respondents Loretta Lynch, Jeh Johnson, and Sarah Saldana are represented by Assistant United States Attorneys Ana H. Voss and D. Gerald Wilhelm. For purposes of these proceedings, the Court will collectively refer to Respondents Lynch, Johnson, and Saldana under the umbrella of the United States

Department of Homeland Security's Immigration and Customs Enforcement division ("ICE"). This matter has been referred to the undersigned for a Report and Recommendation to the Honorable Susan Richard Nelson, District Judge for the United States District Court for the District of Minnesota, pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons that follow, the Court recommends that the petition be denied as moot and this action be dismissed.

## II. BACKGROUND

Petitioner is a native and citizen of the Democratic Republic of Congo ("D.R.C."). (Pet. at 3.) Petitioner entered the United States with his parents on March 7, 1996. (Pet. at 4; Sadowy Decl. at 1, ECF No. 6; Resp't Resp. at 1, ECF No. 5.) On March 2, 2015, Petitioner pled guilty to assault in the second degree and was sentenced to 25 months incarceration. (Sadowy Decl. at 1; Resp't Resp. at 2.) Petitioner's sentence was stayed for four years. (Ex. to Sadowy Decl. at 14, ECF No. 6-1.) On March 26, 2015, Petitioner was convicted of obstructing legal process. (Sadowy Decl. at 1; Resp't. Resp. at 2.) On September 22, 2015, Petitioner was served with a Notice to Appear in removal proceedings based upon these convictions. (Pet. at 4; Sadowy Decl. at 1; Resp't. Resp. at 2.) ICE took Petitioner into custody pending the determination of removability. (Pet. at 4; Sadowy Decl. at 1; Resp't. Resp. at 2.) The immigration judge ordered Petitioner removed to the D.R.C. on November 19, 2015. (Sadowy Decl. at 1; Resp't Resp. at 2.) Petitioner waived his right to appeal, and the removal order became final on December 2, 2015. (Sadowy Decl. at 2; Resp't. Resp. at 2.) ICE issued a Warrant of Removal/Deportation on December 31, 2015. (Resp't. Resp. at 2.)

Between February and September 2016, ICE conducted three reviews of Petitioner's detention. (Resp't. Resp. at 2-3.) ICE decided to continue detention because, if released, Petitioner posed a threat to the community, and ICE was continuing efforts to obtain a travel document. (Resp't. Resp. at 3.)

Petitioner filed the instant Petition on July 12, 2016. In September 2016, ICE Headquarters met with the "Second Secretary" with the Embassy of the D.R.C. regarding the travel documents for Petitioner. (Resp't. Resp. at 3.) On September 21 and 22, 2016, Petitioner was interviewed by a Congolese Embassy Official. (Resp't. Resp. at 3.) Petitioner remained in custody because ICE believed travel documents would be issued shortly. (Resp't. Resp. at 4.) On October 25, 2016, Respondents filed their Response to the Petition, asserting that it was reasonably foreseeable Petitioner would be removed and Petitioner did not meet his burden proving otherwise. (Resp't. Resp. 5-6, 8-9.)

This case was subsequently reassigned to the undersigned due to the retirement of United States Magistrate Judge Janie S. Mayeron. (ECF No. 11.) Through the Online Detainee Locator System operated by ICE, it appeared that Petitioner was no longer in ICE custody. (ECF No. 12.) This Court directed Respondents to file a supplemental response to the Petition, addressing Petitioner's status with respect to removal and any impact such status had on the pending removal. (ECF No. 12.)

The supplemental response filed by Respondents stated that, prior to the December 2016 review of Petitioner's custody, ICE was informed that the Embassy was still attempting to verify Petitioner's nationality. (Resp't. Supp. Resp. at 2, ECF No. 13.) ICE concluded that Petitioner's release was appropriate because the issuance of travel

3

documents seemed to be taking an inordinate amount of time. (Resp't. Supp. Resp. at 2.) Petitioner was released from ICE custody on December 6, 2016. (Resp't. Supp. Resp. at 2.) Petitioner is subject to an Order of Supervision, which requires him to cooperate with ICE and attempt to procure travel documents in order to effectuate his removal order. (Resp't. Supp. Resp. at 2.)

### III. ANALYSIS

**A. Mootness**

"Article III of the United States Constitution only allows federal courts to adjudicate actual, ongoing cases or controversies." *Potter v. Norwest Mortg., Inc.*, 329 F.3d 608, 611 (8th Cir. 2003); *see* U.S. CONST. art. III, § 2. The case-or-controversy requirement exists at all stages of federal judicial proceedings. *Potter*, 329 F.3d at 611. It is of no consequence that a claim was live at an earlier stage in the proceedings; a claim must be live when the court decides the issues. *South Dakota v. Hazen*, 914 F.2d 147, 150 (8th Cir. 1990). "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) (alteration in original) (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir. 1994)). When a claim is no longer an active case or controversy, the claim is moot and the federal court must dismiss. *Potter*, 329 F.3d at 611.

Petitioner seeks release from ICE custody. (Pet. at 8.) The Court can no longer order Petitioner's release because Petitioner was released from ICE custody on December

6, 2016. (Resp't. Supp. Resp. at 2.) Since Petitioner was released from custody, nothing in his situation would change by granting the relief sought. "Absolutely nothing [in Petitioner's situation] would change. This is the very definition of mootness." *Kargbo v. Brott*, No. 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (citing *Already, LLC v. Nike, Inc.*, 133 S. Ct. 721, 726 (2013)).

**B. Application of the Exceptions to Mootness**

Nevertheless, Petitioner's release does not automatically render the Petition moot. Mootness also requires analysis of potentially applicable exceptions to the mootness doctrine. *Sayonkon v. Beniecke,* No. 12-cv-27 (MJD/JJK), 2012 WL 1621149, at *2 (D. Minn. Apr. 17, 2012) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)), *adopting report and recommendation*, 2012 WL 1622545 (D. Minn. May 9, 2012). Under these exceptions, Petitioner's Petition should not be dismissed as moot if: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Sayonkon*, 2012 WL 1621149, at *2 (quotation omitted). Here, Petitioner's Petition must be denied as moot because none of these exceptions apply.

First, there are no collateral consequences resulting from the allegedly unlawful detention. Arguably, conditions placed on Petitioner's liberty by the Order of Supervision could be construed as collateral consequences separate from Petitioner's detention, which has now ended. *Id*. "But the collateral-consequences exception does

not apply where such conditions follow from the final order of removal and not from the allegedly prolonged detention itself." *Id.* (citing *Camara v. Comfort*, 235 F. Supp. 2d 1174, 1176 (D. Colo. 2002)). Here, the conditions placed on Petitioner's freedom by the Order of Supervision stem from the final order of removal. Therefore, these conditions are not collateral consequences of Petitioner's detention. *Id*. Consequently, the collateral-consequences exception does not apply.

Second, this case does not involve conduct that is capable of repetition yet evading review. In *Kargbo*, Kargbo was released from ICE custody due to the unlikelihood of his removal in the reasonably foreseeable future and was subject to conditions. *Kargbo*, 2016 WL 3676162, at *1. Kargbo still sought to have his requested relief—to be released from ICE custody—granted. *Id*. The district court, however, determined that the case was moot and, even if the Kargbo were taken back into custody, it would be based on new justifications, such as violation of a condition of release or a significant likelihood of removal in the reasonably foreseeable future. *Id.* at *2. Like Kargbo, Petitioner has been released from ICE custody due to the unlikeliness of his removal in the reasonably foreseeable future. If ICE were to take Petitioner back into custody, it would be based on a new set of facts and circumstances, which, for purposes of example and not limitation, could be due to ICE obtaining travel documents for Petitioner to be removed to the D.R.C. If Petitioner were brought back into custody, he would be free to bring a new habeas petition based on such new facts and circumstances. *See id.* Accordingly, the conduct at issue does not meet the capable-of-repetition-yet-evading-review exception

because the detention on which the current petition is based cannot be repeated under the same circumstances.

"Third, this is not a case in which [ICE] voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Id.* (citing *Already*, 133 S. Ct. at 727.) As previously stated, if Petitioner were to be brought back into custody, it would be under a new set of circumstances and facts, and would be "impossible for the government to repeat the *same* unlawful conduct that [Petitioner] challenged, and thus this case does not fall into the voluntary-cessation exception to the mootness doctrine." *Id.* Finally, the fourth exception does not apply because this case is not a certified class action suit.

In sum, because the Court can no longer grant effective relief to Petitioner and none of the above-mentioned exceptions to mootness applies, the Petition must be denied as moot.

### C. Due Process Claims

Petitioner also claims that both his substantive and procedural due process rights under the Fifth Amendment were violated. (Pet. at 6-7.) Petitioner's substantive due process claim is based on continued indefinite detention. (Pet. at 6-7.) "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *accord El-Dessouki v. Cangemi*, No. 06-cv-3536 (DSD/JSM), 2006 WL 2727191, at *3 (D. Minn. Sept. 22, 2006) ("[A]n alien's freedom from imprisonment lies at the heart of the liberty that the substantive due

7

process clause protects.") (quotation omitted).  Petitioner is no longer detained and, therefore, this claim is moot. *See Asalati v. Gonzales*, No. CIV-06-1423-M, 2007 WL 1288169, at *2 (W.D. Okla. Apr. 30, 2007) (substantive due process claim based on alien's prolonged detention moot after release).

Petitioner claims that his procedural due process rights have been violated because a neutral party did not conduct his custody reviews. This argument has been rejected in both *Moses v. Lynch*, No. 15-cv-4168 (PAM/JJK), 2016 WL 2636352 (D. Minn. April 12, 2016), *report and recommendation adopted*, 2016 WL 2596020 (D. Minn. May 5, 2016), and *Mareya v. Mukasey*, No. 06-cv-4525 (RHK/RLE), 2007 WL 4373012 (D. Minn. Dec. 12, 2016). These cases hold that, "[w]hen immigration officials reach continued-custody decisions for aliens who have been ordered removed according to the custody-review procedures established in the Code of Federal Regulations, such aliens receive the process that is constitutionally required." *Moses*, 2016 WL 2636352, at *4 (citing *Mareya*, 2007 WL 4373012, at *10-13); *see Mareya*, 2007 WL 4373012, at *10-13 (custody-review process established in Code of Federal Regulations satisfied Fifth Amendment's procedural due process requirement). Petitioner has provided the Court with no basis to conclude that ICE failed to follow the applicable regulatory framework in reaching its decisions that he should be detained beyond the 90-day removal period. Absent some basis that ICE violated the regulatory framework, this Court cannot conclude that Petitioner's procedural due process rights were violated. Furthermore, Petitioner was released from ICE in connection with the custody-review process. (Resp't. Supp. Resp. at 2.)

**D. Attorney Fees Request**

Petitioner also seeks an award of attorney fees under the Equal Access to Justice Act ("EAJA"). (Pet. at 8.) Pro se litigants are not entitled to an award of attorney fees under the EAJA. *Estrada-Heredia v. Holder*, No. 12-cv-1157 (SRN/SER), 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citing *Zheng Liu v. Chertoff*, 538 F. Supp. 2d 1116, 1121 (D. Minn. 2008) ("*Pro se* litigants are not entitled to EAJA fee awards.")), *report and recommendation adopted*, 2012 WL 4839019 (D. Minn. Oct. 11, 2012). Accordingly, Petitioner's request for attorney's fees must be denied.

[Continued on next page.]

## IV. RECOMMENDATION

Based on the foregoing, and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 1) be **DENIED AS MOOT.**

2. Petitioner's request for attorney's fees be **DENIED**.

3. This action be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.


Date: April 26, 2017
          *s/ Tony N. Leung*
          Tony N. Leung
          United States Magistrate Judge
          for the District of Minnesota

*Yelengi v. Lynch et al.*
Case No. 16-cv-2397 (SRN/TNL)

## NOTICE

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.